13-1770
Kraja v. Holder

BIA
A095 837 722

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand fourteen.

PRESENT:
> JON O. NEWMAN,
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

EREN KRAJA,
> *Petitioner,*

v.                                         13-1770
                                           NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Michael P. Diraimondo, Melville, New York.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney General; Francis W. Fraser, Senior Litigation Counsel; Jacob A. Bashyrov, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Eren Kraja, a native and citizen of Albania, seeks review of an April 8, 2013, decision of the BIA denying his motion to reopen. *In re Eren Kraja*, No. A095 837 722 (B.I.A. Apr. 8, 2013). It is undisputed that Kraja's motion was untimely because it was filed approximately nine years after the agency's final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). However, "[t]here is no time limit on the filing of a motion to reopen . . . based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available . . . at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii).

An alien seeking to have an administrative decision reopened on this basis bears the "'heavy burden' of demonstrating that the proffered new evidence would likely alter the result in [his] case." *Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008). We review the BIA's decision on this point only for abuse of discretion. *Id.* After considering the record, we find no error in the BIA's

2

determination that Kraja failed to meet his burden. Moreover, Kraja's claim that the BIA did not consider all of his evidence is untrue. Kraja does not identify what evidence he believes the BIA failed to consider and the BIA's decision specifically discusses all of the exhibits Kraja provided.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3